IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| DOLORES ROMERO, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 7:21-cv-7 |
| v. | § | |
| | § | |
| ALLIED WIRELINE SERVICES, LLC, | § | |
| D/B/A ALLIED-HORIZONTAL | § | |
| WIRELINE SERVICES | | |
| *Defendant*. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, DOLORES ROMERO, by and through her undersigned counsel, hereby files this Complaint against Defendant, ALLIED WIRELINE SERVICES, LLC, D/B/A ALLIED-HORIZONTAL WIRELINE SERVICES, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("TITLE VII") and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of her causes of action, Plaintiff states the following:

**I.
PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, DOLORES ROMERO (hereinafter referred to as "Plaintiff"), is an individual who resides in Midland County, Texas.

2. Defendant, ALLIED WIRELINE SERVICES, LLC, D/B/A ALLIED-HORIZONTAL WIRELINE SERVICES, is a domestic limited liability company formed and existing under the laws of the State of Texas.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC §§ 1331, 1376.

4.     Defendant, ALLIED WIRELINE SERVICES, LLC, D/B/A ALLIED-HORIZONTAL WIRELINE SERVICES (hereinafter referred to as "Defendant"), has offices and conducts business in Midland County, Texas.  Thus, venue is proper pursuant to 28 U.S.C. § 1391.

### III.
### FACTS

5.     Plaintiff began working for Defendant in July 2018 as a Gun Loader.

6.     Throughout Plaintiff's employment, she was a productive employee with no disciplinary history.

7.     Plaintiff, a female, belongs to a class protected under the TITLE VII and the TCHRA.

8.     In or around January 2019, an employee named Jose Jara, another Gun Loader, began working in the same area as the Plaintiff.  Almost immediately thereafter, Mr. Jara began routinely making offensive and sexually-charged comments toward the Plaintiff.  For example, Mr. Jara would often comment about Plaintiff's or how Plaintiff smelled; Mr. Jara openly fantasized about sexual encounters with Plaintiff, telling me that her she "would not get enough of him" or that she "would not know what to do with him;" and, Mr. Jara would often moan or make other sexually suggestive sounds when Plaintiff walked by him.

9.     Plaintiff told Mr. Jara to stop several times, but he did not stop.

10.    Mr. Jara's comments made Plaintiff so uncomfortable that she complained to Luis Mata, Engineer Technician, who told her that she was going to have to "put up with it," because the oilfield was "no place for a woman."

11.    Plaintiff subsequently complained to Jared Waters, Field Manager, who advised her to email Michael Murphy, Head of Human Resources, as soon as possible.

12.    In March 2019, Plaintiff emailed Mr. Murphy, complaining of sexual harassment.

13. Soon thereafter, Plaintiff was scolded by Alfredo Jimenez, Yard Manager, because she had complained to Mr. Murphy.

14. Around three weeks after Plaintiff's oral complaints and her written complaint to Mr. Murphy, Mr. Jimenez and James Savage, Shop Foreman, fired Plaintiff on April 12, 2019.

15. Defendant did not give any reason for Plaintiff's termination.  Plaintiff has never received any sort of formal or informal reprimand, and none of her supervisors had ever suggested that Plaintiff's performance was inadequate.

## IV.
## CAUSES OF ACTION

### Count 1: Title VII Sexual Harassment

16. Plaintiff incorporates paragraphs 1-15, *supra*, into her first cause of action as if repeated verbatim.

17. Title VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

18. Defendant is an employer within the meaning of TITLE VII.

19. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

20. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

21. The harassment affected a term, condition, or privilege of Plaintiff's employment.

22. Defendant knew or should have known of the harassment and failed to take remedial action.

23. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

**Count 2: TCHRA Sexual Harassment**

24. Plaintiff incorporates paragraphs 1-15, *supra*, into her second cause of action as if repeated verbatim.

25. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

26. Defendant is an employer within the meaning of the TCHRA.

27. Plaintiff was an employee within the meaning of the TCHRA at all times relevant to her Complaint.

28. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

29. The harassment affected a term, condition, or privilege of Plaintiff's employment.

30. Defendant knew or should have known of the harassment and failed to take remedial action.

31. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

**Count 3: Title VII Hostile work Environment**

32. Plaintiff incorporates paragraphs 1-15, *supra*, into her first cause of action as if repeated verbatim.

33. Title VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

34. Defendant is an employer within the meaning of TITLE VII.

35. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

36. Plaintiff was at all times material hereto qualified for the position she held while working for Defendant.

37. Plaintiff suffered an adverse employment action.

38. Others similarly situated but outside the protected class were treated more favorable.

39. Defendant knew or should have known of the harassment and failed to take remedial action.

40. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

## Count 4: TCHRA Hostile Work Environment

41. Plaintiff incorporates paragraphs 1-15, *supra*, into her first cause of action as if repeated verbatim.

42. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

43. Defendant is an employer within the meaning of the TCHRA.

44. Plaintiff was an employee within the meaning of the TCHRA at all times relevant to her Complaint.

45. Plaintiff was at all times material hereto qualified for the position she held while working for Defendant.

46. Plaintiff suffered an adverse employment action.

47. Others similarly situated but outside the protected class were treated more favorable.

48. Defendant knew or should have known of the harassment and failed to take remedial action.

49. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 5: TITLE VII Retaliation

50. Plaintiff incorporates paragraphs 1-15, *supra*, into her third cause of action as if repeated verbatim.

51. TITLE VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

52. Defendant is an employer within the meaning of TITLE VII.

53. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

54. Plaintiff participated in an activity protected under TITLE VII when she complained to Defendant about the harassment to which she was being subjected.

55. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under TITLE VII.

56. A causal connection exists between the protected activity and the adverse action.

57. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 6: TCHRA Retaliation

58. Plaintiff incorporates paragraphs 1-15, *supra*, into her third cause of action as if repeated verbatim.

59. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

60. Defendant is an employer within the meaning of the TCHRA.

61. Plaintiff was an employee within the meaning of TCHRA at all times relevant to her Complaint.

62. Plaintiff participated in an activity protected under TCHRA when she complained to Defendant about the harassment to which she was being subjected.

63. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under the TCHRA.

64. A causal connection exists between the protected activity and the adverse action.

65. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

## V.
## DAMAGES

66. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages pursuant to 42 U.S.C. § 1981a(b)(3)(A).

67. As a result of Defendant's unlawful conduct, Plaintiff has suffered non-economic damages, including pain and suffering.

68. Defendant's oppressive and/or reckless and malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of:

(a) Punitive damages pursuant to TITLE VII; and/or,

      (b) Compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

69. A prevailing party may recover reasonable attorneys' and experts' fees under the TITLE VII and TCHRA.

70. Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

71. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

72. Plaintiff demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award Plaintiff economic damages, as specified above;

3. The Court award Plaintiff compensatory and/or punitive damages, as specified above;

3. The Court award Plaintiff the equitable remedy of reinstatement or, in the

alternative, front pay;

4. The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and,

6. The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

*/s/ Trenton n. Lacy*
**Trenton N. Lacy**
State Bar No. 24106176
Trenton@rosslawgroup.com
**Daniel B. Ross**
State Bar No. 00789810
Dan@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**